UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ELLEN M. COLLINS,

                                  Plaintiff,

                                                                                                <u>DECISION AND ORDER</u>

                                                                                                 05-CV-6687L

                                v.

COUNTY OF MONROE,

                                  Defendant.
_____

      Plaintiff Ellen M. Collins ("Collins") brings this action alleging discrimination in employment on the basis of race and gender against her former employer, the County of Monroe (the "County"), pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Collins also asserts that the County violated her Constitutional rights under the Fourteenth Amendment. The County now moves for summary judgment dismissing all of Collins' claims. For the reasons that follow, the County's motion is granted and the complaint is dismissed.

      Collins was hired by the County, and specifically the Parks Department, on May 30, 1991, as a part-time Ground Equipment Operator. She was hired full-time on May 18, 1996 as a Heavy Laborer, establishing seniority for lay-off purposes as of that date. She ultimately attained a full-time position as a Greenhouse Worker, in which she worked from March 7, 1998 through December 21, 2004, when she was terminated.

In 2004, the County faced a significant budget crisis, and the Parks Department was instructed to prepare a budget for 2005 that would include cuts of approximately $1.4 million. In meeting that target, the Parks Department eliminated twenty-two positions and laid off sixteen individuals. This included elimination of two our of the four Greenhouse Worker titles.

Layoffs of noncompetitive civil service titles are based on full-time seniority, pursuant to the governing Civil Services Employees Association Collective Bargaining Agreement ("the CBA"). Terry Vittore ("Vittore"), a Human Resources administrator, determined that Greenhouse Workers Ted Bailey (seniority date July 17, 1978) and Chris Ehmann (seniority date January 30, 1993) had the most seniority, while Collins (seniority date May18, 1996) and Travis Gray (seniority date March 29, 2003) had the least. Accordingly, Vittore determined that Collins and Gray should be laid off.

On October 13, 2004, Collins was informed by Superintendent of Horticulture Tom Pollock, verbally and via letter, that she was being laid off due to budget cuts. The letter informed her that she had the right to return to the Heavy Laborer title if she wished, and to displace a county worker from that position because of her seniority. Collins initially elected to do so, but decided against it upon learning that the Heavy Laborer position would require her to work a different shift. As a result, Collins was returned to the Greenhouse Worker title, was laid off, and placed on a recall list for that position.

Collins filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") on June 15, 2005, alleging gender-based discrimination by the County in hiring and promotional decisions from 1995 through the date of her termination. On or about August 11, 2005, the EEOC determined that it was unable to conclude that a statutory violation had taken place, and

issued Collins a right-to-sue letter. Collins timely filed the instant action in Monroe County Supreme Court on November 10, 2005, alleging that her layoff was motivated by unlawful discriminatory animus, and deprived her of her constitutional rights. On November 29, 2005, the action was removed to this Court.

## DISCUSSION

### I. Summary Judgment in Discrimination Cases

Summary judgment will be granted if the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Although courts should be cautious about granting summary judgment in cases where motive, intent or state of mind are at issue, a common component of discrimination actions, *see Dister v. Cont'l Group, Inc.*, 859 F.2d 1108, 1114 (2d Cir.1988); *Montana v. First Federal Savings and Loan Ass'n of Rochester*, 869 F.2d 100, 103 (2d Cir.1989), "the salutary purposes of summary judgment – avoiding protracted, expensive and harassing trials – apply no less to discrimination cases than to... other areas of litigation." *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir.1985) (summary judgment rule would be rendered sterile if mere incantation of intent or state of mind would act as a talisman to defeat an otherwise valid motion). *See also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000), *quoting St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 524 (1993) (trial courts should not "treat discrimination differently from other ultimate questions of fact").

Collins' claims of employment discrimination pursuant to Title VII are subject to the burden-shifting analysis articulated in *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973). First, plaintiff must establish a *prima facie* case of discrimination by demonstrating: (1) membership in a protected class; (2) satisfactory job performance; and (3) an adverse employment action, occurring under (4) circumstances giving rise to an inference of discrimination. *See Collins v. New York City Transit Authority*, 305 F.3d 113, 118 (2d Cir. 2002). Once plaintiff has established a *prima facie* case, the burden shifts to defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *See James v. New York Racing Ass'n*, 233 F.3d 149, 154 (2d Cir. 2000). The burden then returns to plaintiff, to supply evidence that the legitimate, nondiscriminatory reason offered by the defendant is a pretext. *See St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 508 (1993).

**A.     Collins' Title VII Discrimination and Retaliation Claims Based on Gender**

Collins alleges that the County subjected her to gender-based discrimination in connection with her layoff. Collins also alleges that the County discriminatorily failed or refused to consider or promote her to a number of positions, prior to the layoff, in 1995, 1997 and 2002.

With respect to Collins' claim that she was selectively laid off as a result of discriminatory animus on the part of the County, there is no evidence whatsoever that the County acted with a discriminatory motive. It is undisputed that the County was confronting a budget crisis, and the Parks Department had been ordered to reduce its budget by $1.4 million. The decision to lay off plaintiff and the other least-senior Greenhouse Worker was in accordance with the *bona fide* seniority system set forth in the governing CBA, and as such, simply does not present circumstances

giving rise to an inference of discrimination sufficient for plaintiff to establish her *prima facie* case. *See Viola v. Philips Medical Systems of North America*, 42 F.3d 712 (2d Cir. 1994) (layoff is not discriminatory where the circumstances surrounding it "are consistent with a broad-based program of downsizing, effected according to standards that are related to business needs and that do not discriminate against [a protected group]"). *See generally DeLuca v. Allied Domecq Quick Service Restaurants*, 2006 U.S. Dist. LEXIS 39261 at \*27 (E.D.N.Y. 2006) (an employer may undertake an adverse employment action "for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason").

Plaintiff does not dispute that the County's calculation of the relevant seniority dates correctly applied the seniority provisions of the CBA, or that those provisions are gender neutral. However, plaintiff argues that the County should not have considered Ehmann in its analysis at all, because Ehmann purportedly did not maintain a residence in Monroe County, per the County's requirements for employment, and therefore should not have been considered in determining seniority status. Plaintiff alleges that Ehmann made comments to her implying that he did not reside in the County, and urges that his non-residency should have rendered the fact of his full-time employment a nullity for purposes of determining seniority.

Ehmann disputes Collins' allegation, and states that he has resided in Monroe County since 2002. As an initial matter, Collins' description of Ehmann's comments alluding to his alleged residency constitute inadmissible hearsay, and are therefore insufficient to defeat a summary judgment motion. *See Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (2d Cir. 1988). In the

absence of such hearsay, there is no evidence that Ehmann resided outside of Monroe County, or that the County was ever informed or otherwise aware of any non-residency issues.

In any event, the question of Ehmann's county of residence is not a material one. The residency provision contained in the CBA describes, on its face, a prerequisite to employment, one which the County is expressly empowered to waive – not a prerequisite to the accrual of seniority once full-time employment is gained. Because the CBA does not set forth a penalty for a residency violation, let alone dictate that a non-compliant employee will be stripped of his or her seniority, the Court would decline to invent such a provision even if Collins had presented some evidence in admissible form that Ehmann was, in fact, a nonresident.

Furthermore, the issue presented on this claim is whether the County acted in a discriminatory manner when it laid off plaintiff, not whether the County misinterpreted the CBA. Even if the County mistakenly applied the CBA, plaintiff cannot prevail unless she establishes that the action was motivated by discriminatory animus.

Plaintiff also alleges that the seniority system was used by the County to discriminate against her, in that she did not attain her seniority date until she was hired full-time, as the result of the County's alleged discriminatory failure to promote her to a full-time position earlier. In this regard, Collins alleges that another, male employee was hired to a full-time position in 1995, while Collins was not hired full-time until May 16, 1996. But even if Collins had been granted a full-time position in 1995, her seniority date would still not have placed her in a position superior to that of the two Greenhouse Workers who were retained for layoff purposes, since those employees' seniority dates occurred in 1978 and 1993.

Collins also argues that in addition to the full-time position she was allegedly denied in 1995, she was denied promotional opportunities to a position in 1997, and to multiple positions in or around 2002, while male employees such as Ehmann were given multiple opportunities for promotion to such positions. (It is undisputed that Ehmann's tenure in the other positions was brief, and he was ultimately returned to the same job title as plaintiff.) Collins admits that each of the County's alleged failures to promote her are outside of the relevant statute of limitations, but contends that they are actionable as part of a "continuing violation" of Title VII when considered together with the County's ultimate termination of her position. I disagree.

The continuing violation exception applies to cases involving specific discriminatory policies or mechanisms: however, it may not be relied upon where, as here, the employee alleges a series of independently actionable wrongs. Rather, "a timely EEOC charge must be filed with respect to each discrete alleged violation." *Ledbetter v. The Goodyear Tire & Rubber Company*, 127 S. Ct. 2162, 2175 (2007). *See generally Affrunti v. Long Island Univ.*, 2005 U.S. App. LEXIS 12372 at *5 (2d Cir. 2005); *Association Against Discrimination in Employment, Inc. v. Bridgeport*, 647 F.2d 256, 274-75 (2d Cir. 1981). Because Collins has alleged specific promotion denials which she admits were independently actionable but for which no timely administrative charge was filed, those claims are time-barred.[1]

---

[1] The County has also moved to amend its answer to assert an additional affirmative defense: specifically, that the relevant statute of limitations bars all of plaintiff's claims occurring prior to November 11, 2002. Plaintiff does not oppose the County's request, and I find that the proposed amendment will not prejudice plaintiff and was not occasioned by bad faith. *See Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir. 1993). Accordingly, the County's motion is granted.

Given the lack of any evidence to support Collins' contention that she was terminated for a discriminatory reason, rather than as part of the County's application of the seniority considerations dictated by the CBA, I find that plaintiff has failed to demonstrate circumstances giving rise to an inference of discrimination sufficient to establish a *prima facie* case, and her discrimination claims must be dismissed.[2]

### B.    Plaintiff's Constitutional Claims

Collins also contends that her termination violated her rights pursuant to the Fourteenth Amendment to the Constitution, in that she was deprived of equal protection under the law, and her property interest in her job.

In order to maintain a claim under 42 U.S.C. §1983, plaintiff must show that the County violated her Constitutional or federal statutory rights, and did so while acting under color of state law. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981). A municipality's liability under Section 1983 is limited, however, to "acts which the municipality has officially sanctioned or ordered. *City of St. Louis v. Prapotnik*, 485 U.S. 112, 123 (1988). As such, the challenged action must have been taken pursuant to a policy adopted by the official or officials responsible under state law for making policy in *that area* of the County's business." *Id*.

However, "[a] municipal policy may be inferred from the informal acts or omissions of supervisory officials." *Poulson v. City of North Tonawanda*, 811 F. Supp. 884, 896 (W.D.N.Y.

---

[2] Moreover, even assuming *arguendo* that plaintiff had established a *prima facie* case of discrimination related to the elimination of her position, she has failed to come forth with sufficient evidence to demonstrate that the County's legitimate, non-discriminatory reason for her termination (i.e., the need to reduce staff, and the application of a non-discretionary layoff policy governed by seniority) was pretextual.

1993), *quoting Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983). In order for such an inference to arise, the official's acts or omissions must be serious enough to suggest "deliberate indifference" to the plaintiff's constitutional rights: "mere lack of responsiveness, failure to supervise employees, or nonfeasance has been held insufficient to establish a causal link between a municipal custom or practice and a constitutional violation." *Poulson*, 811 F. Supp. at 896, *citing Canton, Ohio v. Harris*, 489 U.S. 378 (1989).

The County contends that Collins has failed to state any claim under the Fourteenth Amendment, because she has not alleged either the denial of due process or a municipal policy sufficient to impute liability to the County.

Collins alleges that the Parks Department pursued an unconstitutional policy through the acts of Director Allkofer, who approved Collins' termination based on seniority. However, assuming *arguendo* that Allkofer's ratification of the recommendations of the Human Resources Department is sufficient to impute liability to the County, there is simply no evidence that his actions were undertaken with "deliberate indifference" to Collins' constitutional rights. To the contrary, Allkofer's approval of Collins' layoff was in strict conformity with the County's obligations to its employees during a layoff pursuant to the seniority provisions of the CBA. Collins does not allege that she was denied any of the rights guaranteed to her under the CBA, or even identify how her layoff comprised a denial of due process or property. Therefore, Collins' constitutional claims must be dismissed.

**Conclusion**

      For the foregoing reasons, the County's motion for summary judgment and to amend its answer (Dkt. #11) is granted and plaintiff's complaint is dismissed in its entirety, with prejudice.

    IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       January 28, 2008.